United States District Court
Southern District of Texas
**ENTERED**
March 24, 2020
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT JONES, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:19-cv-04282 |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO, | § | |
| Defendant. | § | |

## OPINION AND ORDER GRANTING LEAVE TO AMEND

The motion by Plaintiff Robert Jones to file an amended complaint is granted. Dkt 2. This case is remanded to state court.

1. Background

Defendant State Farm Mutual Automobile Insurance Company provides automobile insurance coverage to Jones. Tho Thi Le struck and injured him in an automobile accident in April 2018. Dkt 1-2 at 3. Le is uninsured.

Jones seeks to recover from State Farm under his uninsured motorist coverage. He filed suit in state court on September 26, 2019. State Farm answered on October 25, 2019. It then removed the action to federal court on October 31, 2019. Dkt 1 at ¶ 1, 2.

Jones sought leave to file an amended complaint on November 8, 2019. See Dkt 2. Among other modifications, he seeks to add Le as a defendant. See Dkt 2-4; see also Dkt 2 at ¶ 3. Because Le is a resident of Texas, this addition would destroy diversity jurisdiction.

The Court heard oral argument on the motion.

2. Legal standard

A party may generally amend its original pleading as a matter of course within twenty-one days of service. FRCP 15(a)(1). After that, a party may amend its pleading only with the opponent's written consent or permission of the court. FRCP 15(a)(2).

Typically, "[t]he court should freely give leave when justice so requires." Ibid. But the Fifth Circuit commands that a district court "must scrutinize an amendment to a pleading that would add a non-diverse party more closely than an ordinary amendment." *Priester v JP Morgan Chase Bank NA*, 708 F3d 667, 679 (5th Cir 2013) (quotations and citations omitted).

In *Hensgens v Deere & Co*, the Fifth Circuit listed the following factors to guide this consideration:
- o  The extent to which the purpose of the amendment is to defeat federal jurisdiction;
- o  Whether plaintiff has been dilatory in asking for amendment;
- o  Whether plaintiff will be significantly injured if amendment is not allowed; and
- o  Any other factors bearing on the equities.

833 F2d 1179, 1182 (5th Cir 1987). When considering the *Hensgens* factors, the district court ultimately must "use its discretion in deciding whether to allow that party to be added. Ibid.

3. Analysis

The Fifth Circuit recognizes that the pertinent factors may not point all one way or the other. And when mixed, it is up to the district court to "balance the equities." Ibid.

*As to the purpose of amendment.* Jones argues that the purpose of amending his complaint is to obtain a more complete recovery, while avoiding litigation of claims against Le in state court separately from this action. Dkt 2 at ¶ 3–4. He explains that leaving Le off the original complaint was simply a mistake. Dkt 14 at 2. State Farm argues that Le is not a "necessary party" to an uninsured motorist claim. Dkt 3 at 4. And it argues that it is "suspicious" that Jones left Le off in the first instance—but

without indication of what strategic advantage Jones pursued by doing so. Id at 4–5.

When determining whether the purpose of amendment is to destroy diversity, other courts "consider whether the plaintiffs knew or should have known the identity of the non-diverse defendant when the state court complaint was filed." *Multi-Shot LLC v B&T Rentals Inc*, 2010 WL 376373, *9 (SD Tex) (quotations and citations omitted). Jones did refer to Le in his complaint. Dkt 1-2 at 3. This demonstrates knowledge of Le's identity at the time of the state court filing.

State Farm cites *Duhaly v Cincinnati Insurance Co*, 2019 WL 2075911 (SD Tex). Dkt 3 at 1. The court there found no justifiable excuse where counsel was perhaps not aware of the need to have the uninsured motorist as a defendant. Id at *1. But other circumstances also plainly indicated that addition of the uninsured motorist was sought solely to secure remand or to otherwise drive settlement discussions. Id at *2–3 (referring to six-month delay in seeking leave to amend, statute of limitations as likely bar against driver, and specific threat of remand in demand letters).

In line with *Duhaly*, the Court finds that Jones's mistake provides no excuse. But nothing indicates that Le was left off the original petition as a *strategic* matter. The explanation of simple mistake—especially given his prompt request to amend—has credibility. Given the lack of apparent subterfuge or strategic purpose, this factor weighs only slightly against the *freely-given* leave that is typically allowed. FRCP 15(a)(2).

*As to extent of delay*. State Farm argues that Jones was dilatory in not naming Le as a defendant in his initial petition. To the contrary, Jones asserts that he was aware of Le's omission within days of removal and acted promptly. Dkt 2 at 2. The record reflects that Jones filed his motion to amend only one week after removal.

No plausible argument supports finding a delay of seven days after removal as dilatory. For comparison, see *Duhaly*, 2019 WL 2075911 at *2 (five months after removal found dilatory); *Multi-Shot,* 2010 WL 376373 at *9 (two months found slightly dilatory); *Irigoyen v State Farm Lloyds*, 2004 WL 398553, *4 (SD Tex) (two

and a half months found dilatory). Besides, this case is in its infancy and prior to any discovery. This factor strongly favors Jones.

*As to significance of injury.* When analyzing the injury to plaintiff, courts of this district consider two things:
- o Whether the already-named diverse defendant would be unable to satisfy a future judgment; and
- o Whether a separate state court proceeding would lead to inefficient parallel proceedings or place a financial burden on the plaintiff.

For example, see *Agyei v Endurance Power Products Inc*, 198 F Supp 3d 764, 777 (SD Tex 2016).

Jones notes that State Farm alone cannot fully satisfy his claim, where he seeks a monetary judgment in excess of one million dollars—far above the policy limit of one hundred thousand dollars. Dkt 2-1 at 2; Dkt 3 at ¶ 10. At hearing, Jones stated that he believes Le to be solvent and intends to pursue the claim. He argues that he will necessarily have to bring a separate state suit to recover against Le if his motion is denied, with attendant expenses and duplication of effort. Dkt 3 at ¶ 9.

For its part, State Farm argues that nothing indicates it would not satisfy any judgment rendered against it. Dkt 3 at 6–7. But that in no way addresses the gap between the policy limits and the entire amount of monetary relief at issue. For comparison, see *Duhaly*, 2019 WL 2075911 at *3 (no indication that policy limits unable to satisfy entire claim). And this is not a situation where certain affirmative defenses render speculative the likelihood of receiving a state court judgment against the at-fault driver. See ibid (given delay in seeking leave to amend, statute of limitations would likely bar recovery against uninsured motorist).

The Court finds that this factor weighs in favor of allowing amendment.

*As to other equitable factors.* Previously articulated equitable factors include "whether granting leave to amend would deprive a defendant of a properly invoked federal forum" and "whether denying leave to amend would result in parallel state court proceedings." *Multi-Shot LLC*, 2010 WL 376373 at *10.

The factors by their nature would seem always to point in opposite directions. And so it is here. Leave to amend will certainly deprive State Farm of this federal forum. Conversely, denying leave will result in Jones litigating this case simultaneously in two different courts.

The parties bring no other equitable factors to the Court's attention. The Court finds that this consideration is neutral.

4. Conclusion

The balance of equities under the *Hensgens* factors weighs in favor of allowing amendment.

The motion to file an amended complaint is GRANTED. The Court will file the amended complaint submitted by Jones.

This case is then REMANDED to the 334th Judicial District of Harris County, Texas.

The Clerk is ORDERED to provide a copy of this Order to the District Clerk of Harris County, Texas.

SO ORDERED.

Signed on March 24, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge